**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JANET MASON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:13-CV-858-D-BH |
| ) | |
| AT&T SERVICES, INC., ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, most of the claims should be dismissed with prejudice as frivolous, and the remaining claims should be dismissed without prejudice.

**I. BACKGROUND**

On February 22, 2013, Janet Mason (Plaintiff) filed this *pro se* action against her current employer alleging employment discrimination, retaliation, and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (1964), and intentional infliction of emotional distress and invasion of privacy.  (Compl. at 1 (doc. 3).)  She filed a charge of discrimination with the Texas Workforce Commission Civil Rights Division on November 26, 2012. (*Id.* at 4-7, 10.)  She claims that between September 1 and November 21, 2012, her employer: 1) "play[ed] audible noises and sounds" to force her to resign because she is African-American and because of the internal and external complaints that she has filed; 2) intercepted her internet activity and telephone calls in retaliation for her complaints; 3) allowed Joel Osteen of Joel Osteen Ministries, Joyce Meyer of Joyce Meyer ministries, and Pastor Marcus D. King to view her through cameras, hear all of her conversations, learn her personal information, and intercept e-mail sent to her in an effort to force her to work for them; and 4) failed to interview her for numerous positions

for which she has applied despite her qualifications because it has a flawed hiring process, her manager "trashed" her name, and her submissions were blocked due to her complaints. (*Id.*; *see also* Magistrate Judge's Questionnaire "MJQ" Ans. 1-4 (doc. 8).) The Equal Employment Opportunity Commission (EEOC) issued a dismissal and notice of right to sue on the date Plaintiff filed her charge, stating that it was unable to conclude that the information she provided established a violation of law. (doc. 3 at 2, 8.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 1.)

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]

---

[1] The analysis for determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is the same as the one employed under Fed. R. Civ. P. 12(b)(6). *See Fierro v. Knight Transp.*, No. EP-12-CV-218-DCG, 2012 WL 4321304, at *7 (W.D. Tex. Sept. 18, 2011) (citing *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam)) (applying the same standard of review applicable to dismissals under Rule 12(b)(6) to screening dismissals under § 1915(e)(2)(B)(ii));

**A.     Fantastic and Delusional Claims**

Plaintiff asserts that her employer is 1) playing audible sounds and noises in an attempt to make her quit, 2) intercepting her telephone and internet activity in retaliation, and 3) permitting ministers to view her through cameras, listen to her conversations, and intercept her activity in an attempt to employ her. She claims that the sounds and noises occur when she is alone in her cubicle, a work elevator, or a company restroom, and that the noises stop when another person enters the area. She also claims that she was being followed everywhere that she goes at work and during lunch, and that her employer has wired her house and her family members' houses with cameras and audio equipment and allowed others to watch and listen. (doc. 3 at 5-7).

Plaintiff alleges no factual support for her claims. Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. A complaint lacks an arguable basis in fact if, when the plaintiff is provided the opportunity to present additional facts, the facts alleged are clearly baseless. *Id.* The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's claims that she is constantly being subjected to noises, watched and followed by her employer and some well-known television ministers lack an arguable basis in fact because they are based on a fantastical or delusional scenario. These claims and her state law claims arising from these allegations should therefore be dismissed as frivolous. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot

---

*Holt v. Imam*, No. C-07-406, 2008 WL 1782351, at *2 (S.D. Tex. Apr. 17, 2008) (citing *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (holding that § 1915A(b)(1), § 1915(e)(2)(B)(ii), and Rule 12(b)(6) all employ the same language—"failure to state a claim upon which relief may be granted").

to spread the AIDS virus throughout the world); *see also Samuel v. Bellevue Hosp. Center*, 366 Fed. App'x 206 (2nd Cir. 2010) (finding that in the context of the fantastic and delusional nature of the majority of his complaint, the plaintiff failed to allege sufficient facts to render plausible his conclusory assertion that the defendants had discriminated against him on the basis of his membership in a protected class), citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..

**B.      Racial Discrimination and Retaliation**

In her charge of discrimination, Plaintiff generally asserted that she is more than qualified for the many positions for which she has applied, but she did not identify any of those positions. (*See* doc. 3 at 6.) In her questionnaire answers, she claims that she has applied for more than 40 positions over the past two years, and she specifically identified several positions for which she applied but was not interviewed as well as the approximate date that she applied. (doc. 8, Ans. 2.) Only two of those dates fall within the time frame during which she was allegedly subjected to discrimination or retaliation that she identified in her charge. (*Id.*)

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).[2] It also makes it unlawful for employers to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by [Title VII], or . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.* § 2000e-3(a).

Before an individual can pursue a Title VII claim in federal court, she must exhaust her

---

[2] Denial of an opportunity to interview for a promotion is an adverse employment action for purposes of Title VII. *See Hypolite v. City of Houston*, 493 Fed. App'x 597, 603 (5th Cir. 2012); *Monroe v. Corpus Christi Indep. School Dist.,* No. C-05-412, 2006 WL 2092436, at *12 (S.D. Tex. Jul. 26, 2006); *Monroe v. Oncor Energy Delivery Co.,* No. 3:01-CV-1012-D, 2003 WL 22016960, at *3 (N.D. Tex. Aug. 26, 2003).

available administrative remedies by filing a charge with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). If a plaintiff files a charge of discrimination, the scope of a subsequent judicial complaint is limited to the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge." *Sanchez v. Standard Brands Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). This reasonable expectation rule requires that the allegations in a subsequent judicial complaint be "like or related to" allegations made in the EEOC charge. *See Vuyanich v. Republic Nat'l Bank of Dallas*, 723 F.2d 1195, 1201 (5th Cir. 1984); *see also Stith v. Perot Sys. Corp.*, 122 F. App'x 115, 118 (5th Cir. 2005) (citing *Sanchez*, 431 F.2d at 466).

Here, Plaintiff's charge of discrimination complains about harassment in the form of constant noises directed at her and electronic and physical surveillance of her every move. Although it mentioned generally that she had not been interviewed for positions for which she applied, she did not identify any of those positions, state when she applied for those positions, or provide any other information concerning her claims about those positions. Given the fantastic and delusional nature of her harassment claims, her current claims about specific positions for which she applied could not reasonably have been expected to grow out of her charge.[3] Since Plaintiff has failed to exhaust her administrative remedies with respect to her claims relating to specific positions for which she applied, her claims are subject to dismissal for failure to exhaust her administrative remedies.

---

[3] In addition, her charge alleges that the harassment, discrimination and retaliation about which she complains occurred between September 1 and November 21, 2012. Only two of the positions she specifically identified in her questionnaire answers fall within this time frame. *See Smith v. Aaron's Inc.*, 325 F. Supp.2d 716, 722 (E.D. La. 2004) (finding that EEOC charge could not reasonably be expected to include third promotion claim that predated the earliest date of alleged discrimination in the charge); *see also Eberle v. Gonzales*, 240 Fed. App'x 622, 627-28 (5th Cir. 2007) (finding that federal employee failed to exhaust his administrative remedies for two non-promotion claims by not seeking EEO counseling for them despite his contention that the non-promotions were the same as those at other locations for which he had filed discrimination charges).

5

### III. RECOMMENDATION

Plaintiff's claims of harassment, intentional infliction of emotional distress and invasion of privacy should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Her claims that she has not been interviewed for positions for which she has applied on the basis of racial animus and retaliation should be **DISMISSED** without prejudice.

**SIGNED this 10th day of February, 2014.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE